**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-6887**

—————————

MARKUS ODON MCCORMICK,

        Petitioner - Appellant,

    v.

WARDEN DANIEL EVERETT,

        Respondent - Appellee.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-hc-02131-D-RJ)

—————————

Submitted:  January 2, 2025                              Decided:  January 22, 2025

—————————

Before THACKER, QUATTLEBAUM, and HEYTENS, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Markus Odon McCormick, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markus Odon McCormick seeks to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust state remedies. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The district court found that McCormick's § 2254 petition was a mixed petition of both exhausted and unexhausted claims. The court rejected McCormick's claim that an inordinate delay in state court excused his failure to exhaust. The court further declined to allow McCormick to proceed with his exhausted claims, reasoning that he had ample time to exhaust all his claims in state court and return to federal court under § 2244(d)(1). Thus, the court dismissed the petition without prejudice to allow McCormick to refile it after exhausting his claims in state court. On appeal, McCormick argues that the district court erred in finding that some of his claims were unexhausted and that dismissing his petition

2

as mixed was improper and constitutes prejudicial error, and that failure to review his petition would result in a fundamental miscarriage of justice.

We have independently reviewed the record and conclude that McCormick has not made the requisite showing. Accordingly, we deny McCormick's motions to expedite and for bail or release pending appeal and deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*